## GRUBBS et al. v. RICK.

### No. 4523.

Court of Civil Appeals of Texas. Beaumont.

May 27, 1948.

Rehearing Denied June 16, 1948.

Dave O'Fiel, of Beaumont, for appellants.

Charles S. Pipkin and Alto Watson, both of Beaumont, for appellee.

COE, Chief Justice.

Appellee Leo Z. Rick instituted this suit in the District Court of Jefferson County, Texas, against the appellants, W. D. Grubbs, Jr., and T. B. Jones, in the form of trespass to try title for the title and possession of lot Number 4 in block Number 1 of the West Calder Fig Acre Addition to the City of Beaumont, Jefferson County, Texas, as shown by the map of said subdivision. In addition to the plea in statutory form of trespass to try title, appellee plead the 5, 10 and 25 years' statutes of limitation. Vernon's Ann.Civ.St. arts. 5509, 5510, 5519. Appellant W. D. Grubbs, Jr., answered with a general denial and plea of not guilty. The appellant T. B. Jones, in addition to a general denial and plea of "not guilty", asserted title to the land in controversy under and by virtue of the 3, 5 and 10 years' statutes of limitation. Vernon's Ann.Civ.St. arts. 5507, 5509, 5510. At the close of the evidence, appellee moved for an instructed verdict predicated on the contention that the appellee had shown good record fee simple title in himself to the land sued for and that appellants had failed to show any record title, but relied wholly on the 10 year statute of limitation, and that the evidence showed that appellants' possession, if any, began in February, 1932, and that he had abandoned the property in 1943 and that the evidence further showed that there were various re-entries made by the record owner and by those holding under him, which re-entries broke the continuity of appellants' possession so as to defeat the title by limitation asserted by them as a matter of law. This motion was sustained by the trial court and in due order the verdict was returned and judgment entered for appellee for the title and possession of the land sued for. From said judgment appellants have properly perfected their appeal.

Appellants' points are to the effect that the trial court erred in instructing the jury to find in favor of the appellee for the reason that the evidence was sufficient to raise an issue of fact to be determined by the jury as to whether or not the appellants had exclusive possession of the land throughout the entire period, cultivating, using and en-

joying, and claiming the same for a period of more than 10 consecutive years prior to the institution of said suit; and further that the various re-entries made by appellant, and those acting by his authority, did not constitute such re-entry as would break the continuity of possession of the claimants, W. D. Grubbs, Jr. and T. B. Jones, as would preclude them from asserting their limitation title.

The appellant W. D. Grubbs, Jr. testified in substance that on December 15, 1931, he bought lot Number 5 of Block Number 1 of West Calder Fig Acre Addition to the City of Beaumont; that some 15 days thereafter he moved upon said property at which time both lots Numbers 4 and 5 were unenclosed; that along in January, 1932, after having moved upon lot Number 5 in December of 1931, he placed a fence entirely around lots Numbers 4 and 5, and from that date on he continued to use lot Number 4 for pasturage purposes until about May, 1943, and in addition to that, certain portions of his improvements placed on lot Number 5 extended on to lot Number 4. This was specially true as to the barn, a substantial part of which extended over and was partly on lot Number 4 as well as other small outhouses, and by deed dated August 20, 1946, he conveyed said lot Number 4 to appellant T. B. Jones.

 It seems to be conceded by appellee that appellants' possession and use of lot Number 4 were sufficient to raise a fact issue as to his limitation title unless the continuity of his possession was broken, as a matter of law, by the acts of third persons acting under and by authority of the appellee, which they contend amounted to re-entry by the record owner by which the continuity of appellant's possession was broken, and we might here state that appellants concede that appellee was the record owner of lot Number 4 which is here in controversy, and has a good title thereto unless it was defeated by the limitation title asserted by appellants. The circumstances relied upon by appellee to break the continuity of appellant's possession are as follows: On February 12, 1932, the appellee Leo Z. Rick conveyed to the Gulf Pipe Line Company an easement entirely across the lot in question, which easement was 50 feet in width, constituting .78 of an acre of said lot, and that said company entered upon the premises under said easement and placed certain pipe lines across said land and thereafter, at least once each week, a representative of the said pipe line company went upon, through and across said land in question for the purpose of inspecting said pipe lines. The record also reflects that some time soon after the appellant fenced said lot, and the representative of Gulf Pipe Line Company, who inspected said pipe lines, secured the permission of appellant Grubbs to place gates in the fence which Grubbs had erected around and which enclosed said lot Number 4 for the purpose of entry and exit to and from said lot Number 4, and that he continued to make such weekly inspections, using said gates for entry and exit during all the time appellant Grubbs occupied said premises which ended during the month of May, 1943, such pipe line employee testified that during all such period of time the appellant was using such enclosed land for the purpose of pasturing either a horse, cattle or hogs. The record further discloses the fact that in August, 1939, appellee Leo Z. Rick and wife conveyed a 25 foot strip of land all the way across one side of said lot to Jefferson County, Texas for a right-of-way for the purpose of widening the State Highway, and that either the State of Texas or Jefferson County, acting for the State, took possession of said 25 foot strip, tearing down the fence which appellant Grubbs had placed thereon and moved same back, and used said strip of land for the purpose of widening the State Highway without any objection or protest being made by the appellant Grubbs; that some time during the year of 1939 a large sign some 8' x 10' x 18' was erected on said property by and with the consent of the appellee, and that such sign remained on said property for a period of something like two years; that during the year of 1941 the appellee gave the United States Government permission to maneuver over this tract of land and it was shown by the evidence of appellant Grubbs that the Government did in fact maneuver over this and other land, particularly in that vicinity. It is these acts which appellee contends break the con-

tinuity of appellants' possession so as to destroy and defeat any title maturing in them under the 10 year statute of limitation. To support this contention, they have cited many authorities, establishing the well settled rule to the effect that when the record owner of unenclosed land enters upon any portion thereof it thereby restricts the possession of a trespasser to that portion of the land which he has actual possession of. We do not feel that such authorities are in point on the question here presented. In this case the appellant Grubbs, under whom the appellant T. B. Jones claims, had in his actual possession, enclosed by a sufficient fence to turn stock and also actually using and appropriating for his own use the land here involved and his possession and use of same was not materially interfered with, except as to that portion of said land which was conveyed to the County for right-of-way purposes for the State Highway. While it is true that the fence was originally built by Grubbs along the side of the land in controversy next to the highway which was torn down and moved back, it is to be reasonably inferred from the evidence that his use and occupancy of the remaining portion of the land was only temporarily interfered with. Under the rule announced in Cobb v. Robertson, 99 Tex. 138, 86 S.W. 746, 122 Am. St.Rep. 609; Glover v. Pfeuffer, Tex.Civ. App., 163 S.W. 984, and Burroughs, et al. v. Smith, Tex.Civ.App., 8 S.W.2d 301, we are of the opinion that before it can be said, as a matter of law, that the continuity of possession of an adverse claimant in actual possession is broken there must either be a suit brought and prosecuted for the purpose of regaining the possession or there must be such an entry by the owner of the record title as will amount to an ouster of the adverse claimant. The acts here relied on by the record owner or those acting under his authority not being such as would authorize this Court to say as a matter of law that they constituted ouster of appellants, we are of the opinion that the trial court fell into error in instructing a verdict for appellee, and this cause is therefore reversed and remanded to the trial court for further proceedings.